UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBRA QUINN,<br><br>                Plaintiff,<br><br>  v.<br><br>CITY OF VANCOUVER, et al.,<br><br>                Defendants. | CASE NO. C17-5969 BHS<br><br>ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO STAY SUMMARY JUDGMENT PROCEEDINGS AND RE-OPEN DISCOVERY |

      This matter comes before the Court on Plaintiff Debra Quinn's ("Quinn") emergency motion to stay summary judgment proceedings and re-open discovery. Dkt. 118.

      On November 21, 2017, Quinn filed a complaint against Defendants City of Vancouver ("City"), Eric Holmes, Bronson Potter, and Jonathan Young (collectively "Defendants") asserting causes of action for unlawful discrimination, harassment, negligence, outrage, and breach of implied contract. Dkt. 1. Relevant to the instant motion, Quinn was an employee of the City when she filed the complaint. *Id.* ¶ 12.

ORDER - 1

|  |  |
|---|---|
| 1 | On April 25, 2019, the City filed a motion to dismiss Quinn's complaint with |
| 2 | prejudice. Dkt. 74.[1] On June 12, 2019, Defendants filed motions for summary judgment. |
| 3 | Dkts. 100, 102, 107. That same day, the City filed a motion to disqualify Quinn's |
| 4 | counsel. Dkt. 109. On July 8, 2019, Quinn responded to Defendants' motions for |
| 5 | summary judgment. Dkts. 126, 127, 128. |
| 6 | On July 2, 2019, Quinn filed the instant motion requesting the Court (1) vacate the |
| 7 | noting dates for the pending summary judgment motions, (2) reopen discovery for 60 |
| 8 | days, (3) postpone further briefing on the summary judgment motions until the Court |
| 9 | rules on the motion to dismiss and disqualify, and (4) vacate all remaining trial and |
| 10 | pretrial deadlines because the City terminated Quinn's employment. Dkt. 118 at 1–2. On |
| 11 | July 3, 2019, Defendants responded and opposed the motion. Dkts. 120, 121, 125. |
| 12 | Quinn did not reply. |
| 13 | Quinn's motion fails for numerous reasons. First, Quinn noted her motion for the |
| 14 | first Friday after filing, which violates the local rules of procedure. *See* Local Rules |
| 15 | W.D. Wash. LCR 7(d). |
| 16 | Second, until Quinn is granted leave to add new claims to her complaint, assuming |
| 17 | one is filed, Quinn has failed to show good cause to vacate the noting date for any |
| 18 | pending motion. Moreover, if the Court grants such leave, Quinn may then establish |

---

[1] This motion was inadvertently terminated on May 15, 2019, and the Court was unaware that the parties were awaiting resolution. The Clerk shall renote the motion for consideration on July 12, 2019 with the other dispositive motions.

good cause to continue the remaining deadlines.  Hypothetical claims, however, do not establish good cause to continue a pending trial on actual claims.

Third, Quinn fails to meet the requirements of a Rule 56(d) continuance and seems to have substantively responded to the merits of Defendants' motions without identifying facts that are unavailable.  Thus, Quinn's request to vacate response deadlines is severely undermined by her actual responses.

Finally, Quinn provides no legitimate reason to delay consideration of issues in this matter pending resolution of a subsequently-filed state administrative matter, the bar complaint.  The Court may disqualify counsel for numerous reasons, including violating the Rules of Professional Conduct.  Thus, the Court need not wait for the administrative proceeding to consider the issues presented in the pending motions.

Therefore, the Court **DENIES** Quinn's emergency motion to stay summary judgment proceedings and re-open discovery.  Dkt. 118.  The Clerk shall renote Dkt. 74 for consideration on July 12, 2019.

**IT IS SO ORDERED**.

Dated this 10th day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge