UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBRA QUINN,

                Plaintiff,

v.

CITY OF VANCOUVER, et al.,

                Defendants.

CASE NO. C17-5969 BHS

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION FOR DISQUALIFICATION OF PLAINTIFF'S LAWYER

This matter comes before the Court on Defendant City of Vancouver's ("City") motion to dismiss, Dkt. 74, and motion for disqualification of Plaintiff's lawyer, Dkt. 109. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

On November 21, 2017, Plaintiff Debra Quinn ("Quinn") filed a complaint against the City, Eric Holmes, Bronson Potter, and Jonathan Young asserting causes of action for

ORDER - 1

sex discrimination in violation of federal and state laws, retaliation in violation of federal and state laws, a violation of her free speech rights, outrage, negligent supervision, breach of implied contract, and a violation of her equal protection rights. Dkt. 1.

On April 25, 2019, the City filed a motion to dismiss. Dkt. 74. On May 13, 2019, Quinn responded. Dkt. 91. On May 17, 2019, the City replied. Dkt. 96.

On June 12, 2019, the City filed a motion to disqualify Quinn's lawyer. Dkt. 109. On July 11, 2019, Quinn responded. Dkt. 131. On July 17, 2019, the City replied. Dkt. 137.

## II. FACTUAL BACKGROUND

On April 18, 1993, the City hired Quinn as an Assistant City Attorney. On November 12, 2015, the City placed Quinn on administrative leave. Dkt. 92, Declaration of Debra Quinn, ¶ 5. On November 15, 2015, Quinn filed a workplace complaint with the City and retained counsel shortly thereafter. *Id.* ¶ 6. On March 1, 2016, Quinn returned from administrative leave. *Id.* ¶ 5. Upon her return to work, she met with City Manager Eric Holmes and informed him that she had retained an attorney. *Id.* ¶ 8.

In August 2016, Quinn filed a complaint with the Equal Opportunity Employment Commission. *Id.* ¶ 7. In November 2016, the City modified her duties by removing her from representing the City in labor and employment matters. *Id.* ¶ 9. In September 2017, Quinn filed an internal whistleblowing complaint with the City. *Id.* In November 2017, she filed the instant complaint. Dkt. 1.

## III. DISCUSSION

The City's motions are full of conjecture and speculation. For example, in response to the motion to disqualify, Quinn asserts that the "City provides no evidence and does not cite a single fact in support of its novel argument." Dkt. 131 at 1. Not only is Quinn correct, but the City fails to address this assertion or its own absence of facts in its reply. "Argument without evidence is hollow rhetoric . . . ." *Teamsters Local Union No. 117 v. Washington Dep't of Corr.*, 789 F.3d 979, 994 (9th Cir. 2015). Thus, the City's motion is based on the argument that Quinn's counsel should be disqualified because "Quinn has identified [him] as a material witness in the litigation." Dkt. 109 at 2. Without any citation to where Quinn has so identified him or any other factual showing that he will or could be a material witness on any relevant issue in this matter, the City's motion fails.

Similarly, the City's motion to dismiss is based on the same type of speculation. Although Quinn's dual role as an attorney for the City and a litigant against the City creates an environment in which Quinn could have breached her obligations of confidentiality to the City, the City fails to identify one fact that Quinn necessarily learned as part of an attorney-client communication that Quinn then improperly conveyed to another. Even if the City managed to prove an improper communication, it would then have to prove that its right to a fair trial in defending itself against Quinn's current claims is somehow impaired by the improper communication. It seems as if the City requests a ruling as a matter of law that an attorney who represents her employer in workplace discrimination matters may never sue the employer for workplace discrimination because

a conflict of interest prejudices the employer's right to a fair trial. The City provides no authority for such a proposition. Thus, both of the City's motions fail for lack of factual support.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that City's motion to dismiss, Dkt. 74, and motion for disqualification of Plaintiff's lawyer, Dkt. 109, are **DENIED**.

Dated this 2nd day of August, 2019.

BENJAMIN H. SETTLE
United States District Judge