# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DEBRA QUINN,

    Plaintiff,

v.

CITY OF VANCOUVER, et al.,

    Defendants.

CASE NO. C17-5969 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO AMEND SCHEDULING ORDER TO PERMIT ADDITIONAL DISCOVERY

This matter comes before the Court on Plaintiff Debra Quinn's ("Quinn") motion for leave to file first amended complaint and to amend scheduling order to permit additional discovery. Dkt. 141. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On April 18, 1993, the City hired Quinn as an Assistant City Attorney. Dkt. 1, ¶ 9. Quinn worked on labor and employment matters. Dkt. 92, ¶ 3.

The factual background of this case is dense and extensive. It is set out in the Court's order on Defendants' motions for summary judgment issued concurrently with the instant Order.

On November 21, 2017, Quinn filed a complaint against the City of Vancouver ("City"), City Manager Eric Holmes ("Holmes"), City Attorney Bronson Potter ("Potter"), and Chief Assistant City Attorney Jonathan Young ("Young") (collectively, "Defendants") asserting causes of action for sex discrimination in violation of federal and state laws, retaliation in violation of federal and state laws, violation of her First Amendment right to free speech, outrage, negligent supervision, breach of implied contract, and violation of her Fourteenth Amendment right to equal protection. Dkt. 1. On April 25, 2019, the City filed a motion to dismiss. Dkt. 74. On June 12, 2019, the City filed a motion to disqualify Quinn's counsel. Dkt. 109. Also on June 12, 2019, Holmes filed a motion for summary judgment, Dkt. 100, Potter and Young filed a joint motion for summary judgment, Dkt. 102, and the City filed a motion for summary judgment, Dkt. 107.

On June 26, 2019, the City terminated Quinn's employment. Dkt. 118. On July 2, 2019, Quinn filed an emergency motion to stay summary judgment proceedings and re-open discovery. *Id*. On July 10, 2019, the Court denied the motion, finding that unless Quinn requested and was granted leave to add new claims to her complaint, good cause to continue the remaining deadlines and pending trial date was only hypothetical. Dkt. 130 at 2–3.

On August 1, 2019, Quinn filed the instant motion for leave to file first amended complaint and to amend scheduling order to permit additional discovery. Dkt. 141. On August 8, 2019, the Court denied the City's motion to dismiss and denied the City's motion to disqualify Quinn's counsel. Dkt. 142. On August 12, 2019, Defendants filed responses to Quinn's motion to amend. Dkts. 148, 150, 152. On August 15, 2019, Quinn replied to her motion to amend. Dkt. 153. On August 19, 2019, in an order issuing concurrently with the instant Order, the Court denied in part and granted in part Defendants' motions for summary judgment.

## II.  DISCUSSION

Quinn seeks to amend her complaint to add two claims related to her termination: (1) wrongful discharge in violation of public policy, and (2) violation of her right to due process and liberty interests under the Fourteenth Amendment. Dkt. 141-2. She seeks to bring the wrongful discharge claim against all Defendants and seeks to bring the due process claim against the City. *Id.*

**A.   Rule 16**

"[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v.*

*Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If the moving party 'was not diligent, the inquiry should end.'" *Neidermeyer v. Caldwell*, 718 Fed. App'x 485, 489 (9th Cir. 2017), *cert. denied*, No. 17-1490, 2018 WL 2046246 (U.S. Oct. 1, 2018) (quoting *Johnson*, 975 F.2d at 609). A party which "has been aware of the facts and theories supporting amendment since the inception of the action" and has failed to amend despite opportunity to do so has not been diligent. *Id.* at 488–89 (quoting *In re W. States*, 715 F.3d at 737 (internal quotation mark omitted)).

The deadline for amended pleadings in this case was June 28, 2018. Dkt. 26. Quinn's employment was terminated on June 26, 2019. Dkt. 118. The Court denied Quinn's emergency motion to stay summary judgment and re-open discovery on July 10, 2019. Dkt. 130. Quinn filed the instant motion to amend on August 1, 2019. Dkt. 141. While the City and Holmes argue that Quinn was not diligent in bringing the instant motion to amend, the Court disagrees. *See* Dkt. 148 at 4–5; Dkt. 150 at 1–2. Far from being aware of the facts and theories relevant to the new claims since the inception of the action, *see Neidermeyer*, 718 Fed. App'x at 488–89, Quinn became aware of the facts underlying these claims approximately six weeks prior to filing the instant motion. Thus, the Court finds that Quinn has shown good cause to supplement her pleadings and was diligent in bringing the instant motion. Having met her initial burden, the Court turns to the propriety of the proposed amendments.

**B.** **Rule 15**

Fed. R. Civ. P. 15(d) provides that upon motion of a party "the court may, upon reasonable notice and upon such terms as are just, permit a party to serve a supplemental

pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Supplementing the pleadings under Fed. R. Civ. P. 15(d) is favored as a tool of judicial economy and convenience. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). "It is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course . . . ." *Id.* (quoting *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir.1963), *cert. denied*, 376 U.S. 963 (1964)).

On the record before the Court, it is abundantly clear that allowing Quinn the opportunity to supplement her pleadings would promote judicial economy and convenience. Conducting two lengthy trials involving many of the same operative facts and many of the same witnesses would be duplicative and wasteful. Moreover, the complexity of this matter and the number of trial days it is anticipated to require weigh strongly in favor of permitting amendment so that when the case goes to trial the Court's and the parties' resources may be deployed in most efficient way possible. With this in mind, the Court turns to Defendants' arguments in opposition to the motion.

The standards for granting a motion for leave to file a supplemental pleading are the same as those for granting a motion to file an amended complaint under Rule 15(a). *See, e.g., Franks v. Ross*, 313 F.3d 184, 198 n. 15 (4th Cir. 2002) ( "[T]he standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical."); *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) ("Although

these are cases under Fed. R. Civ. P. 15(a), not Rule 15(d), . . . the standard is the same."). Under Rule 15(a), the Court considers whether the amendment shows or would create "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.3d 367, 373 (9th Cir. 1990). Relevant to the instant motion, an amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "The futility analysis determines whether the proposed amendment would survive a challenge of legal insufficiency under Federal Rule of Civil Procedure 12(b)(6)." *JPMorgan Chase Bank, N.A. v. KB Home*, 740 F. Supp. 2d 1192, 1197 (D. Nev. 2010) (citing *Miller*, 845 F.2d at 214)).

Quinn seeks leave to amend to add a constitutional due process claim and a state law claim for wrongful termination. Dkt. 141-2, ¶¶ 69–75. Regarding the constitutional claim, no defendant presents a persuasive argument to deny Quinn's motion. Potter and Young contend that they would be prejudiced if the impending trial was delayed so that Quinn could engage in additional discovery. Dkt. 152 at 4–5. While the Court accepts that they will suffer some prejudice, the Court finds that they have failed to establish substantial prejudice or that this prejudice overcomes the judicial efficiency concerns set forth above. Therefore, the Court grants Quinn's motion for leave to amend to add her proposed due process claim.

Regarding the state law claim, Holmes and the City object on the basis of Quinn failing to strictly comply with the sixty-day waiting period for notification of tort claims

against local governments and their officers or employees under RCW 4.96.020. Dkt. 148 at 3; Dkt. 150 at 4. RCW 4.96.020(5), however, provides that "[w]ith respect to the content of claims under this section and all procedural requirements in this section, this section must be liberally construed so that substantial compliance will be deemed satisfactory." Courts in Washington have interpreted substantial compliance to mean that "a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which the statute was adopted." *Banner Realty, Inc. v. Dep't of Revenue*, 48 Wn. App. 274, 278 (1987) (quoting *In re Santore*, 28 Wn. App. 319, 327 (1981)). In considering whether RCW 4.96.020(5) permitted substantial compliance only as to content or also as to procedure, this Court quoted the statute's legislative history: "The original intent of the [claim filing] statutes was to provide notice so that the government can get the facts of the claim and investigate . . . . Cases are being dismissed based on technical interpretations of the statute. The bill is aimed at restoring the original intent." *Bell v. City of Tukwila*, No. C10-379TSZ, 2011 WL 1045586, at *1 (W.D. Wash. Mar. 21, 2011) (quoting H.R. 61-1553, 1st Reg Sess., Bill Rep. at 4 (Wash. Apr. 16, 2009)). In *Lee v. Metro Parks Tacoma*, 183 Wn. App 961 (2014), the Washington Court of Appeals stated that involves considering whether the local government entity had "completed its investigation and evaluation, decided whether to accept or reject [plaintiff's] claim, or engaged in settlement negotiations." *Id.* at 968. This Court has also considered whether the record indicates the local government entity is open to settlement. *Wong v. Seattle School Dist.*, Case No. C16-1774 RAJ, 2018 WL 1035799, at *2 (W.D. Wash. Feb. 23, 2018).

Here, the record indicates that the City and Holmes, as the parties that terminated Quinn, are well aware of the facts underlying Quinn's wrongful termination claim and well aware that these facts may give rise to such a claim. The parties have been litigating this matter for almost two years while Quinn has been employed with the City. With trial impending, the record does not indicate that Defendants either have a desire to settle Quinn's claims or that they need additional time to investigate the factual basis for the claims. In other words, although the issue is not currently before the Court, it is highly likely that a court would find substantial compliance in this factual scenario and any motion to dismiss based on this issue would be without merit. Therefore, the Court finds that the City and Holmes have utterly failed to show that Quinn's proposed wrongful termination claim is futile as barred by failure to substantially comply with RCW 4.96.020.

Nevertheless, the Court finds that the alleged problem may be avoided altogether if Quinn exhausts the sixty-day period before seeking leave to amend to add this claim. Thus, the Court will leave the decision up to Quinn to either add the claim now, exposing herself to the possibility of having to respond to a likely baseless motion to dismiss for failing to comply with the statute, or seek leave to amend when the period expires. At that time, Quinn may file a motion to amend or seek the opposing parties' consent. *See* Fed. R. Civ. P. 15(a)(2). While adding the claim now will avoid some of the prejudicial delay, adding the claim later will afford the City and Holmes an opportunity to complete their hypothetical factual investigation and settlement negotiations.

Regarding the City's argument that Quinn's tort claim form "makes clear that Ms. Quinn alleges her termination was illegal under multiple grounds, including Title VII of the Civil Rights Act of 1964" and thus Quinn must lodge a new complaint with the EEOC before she may pursue this claim, Dkt. 150 at 4–5 (citing Dkt. 151), the argument is without merit. The new claims set out in Quinn's proposed amended complaint are for wrongful termination in violation of public policy and for procedural and/or substantive due process violations, Dkt. 141-2, ¶¶ 69–75. *See Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 996–98 (9th Cir. 2007) *aff'd* 553 U.S. 591 (2008) (describing occupational liberty due process claims available to public employees). Wrongful termination in violation of public policy is a recognized tort under Washington law. *See Thompson v. St. Regis Paper Co.*, 102 Wn. 2d. 219 (1984). While Quinn lists factual bases for this claim which may be in violation of Title VII, *see* Dkt. 141-2 at ¶ 70 ("Defendant City terminated Quinn's employment without justification and in order to discourage her form reporting and opposing sex-based discrimination . . . ."), the City has failed to establish as a matter of law that claims based on facts which *could* form the basis of a Title VII violation, but are not alleged under Title VII, must be administratively exhausted under Title VII. Thus, the Court finds that that City has failed to show on the authorities cited that either claim is futile on the basis of a failure to administratively exhaust under Title VII.

In sum, the Court grants Quinn's motion for leave to amend. Quinn may add her state law claim either now or later, but in any event the impending trial will be stricken.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Quinn's motion for leave to file first amended complaint and to amend scheduling order to permit additional discovery, Dkt. 141, is **GRANTED**. Quinn shall file her amended complaint, including at least the proposed constitutional claim, as a separate entry on the electronic docket by August 27, 2019. Quinn may add her proposed state law claim in that complaint or seek to file another supplemental complaint after the sixty-day period has expired.

The Clerk shall strike all pending deadlines including the trial date. The parties shall meet and confer regarding a revised trial schedule and shall submit a joint status report no later than September 3, 2019.

Dated this 21st day of August, 2019.

BENJAMIN H. SETTLE
United States District Judge