The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DEBRA QUINN, an individual<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VANCOUVER, a municipal corporation; ERIC HOLMES, BRONSON POTTER, JONATHAN YOUNG, in their individual and official capacities,<br><br>Defendants. | No.  3:17-cv-05969-BHS<br><br>**DEFENDANT CITY OF VANCOUVER'S RENEWED MOTION TO DISMISS BASED ON NEWLY ACQUIRED EVIDENCE OF QUINN'S ETHICAL MISCONDUCT**<br><br>**NOTE ON MOTION CALENDAR: NOVEMBER 27, 2020**<br><br>**[ORAL ARGUMENT REQUESTED]** |

## I.    PURPOSE OF MOTION

The City of Vancouver renews its Motion to Dismiss the Lawsuit based on Plaintiff Debra Quinn's violations of mandatory ethical and fiduciary duties she owed to the Defendant City of Vancouver in her capacity as a lawyer for the City. Quinn's actions, which are the predicate for this Motion, took place **prior** to June 26, 2019 – the date upon which Quinn's appointment as the City Attorney for Vancouver was rescinded. Otherwise stated, the serial acts of ethical misconduct occurred while Quinn was a lawyer representing the very client she plotted to, and then sued. The Motion to Dismiss is based on this Brief and the Declaration of Colleen Kinerk with attached exhibits ("Kinerk Dec.").

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

## II.   PROCEDURAL HISTORY RELATED TO THIS MOTION

Of paramount significance is the fact that this renewed Motion to Dismiss is based on recently-acquired evidence that was **not** known to the Defendant City at the time of the initial Motion to Dismiss. Quinn had intentionally and wrongfully suppressed the very existence of this incriminating evidence. It required a sustained and costly effort by the City to expose Quinn's coverup which culminated in the Court ordered forensic examination of Quinn's cell phones and computers.

The City accessed this incriminating evidence only as the result of multiple, hard-fought Discovery Motions, on which the City prevailed. Quinn battled ferociously to keep the evidence out of the hands of the City and the individual Defendants. Quinn's discovery abuses are the subject of the City's companion Motion for financial and other Sanctions. Dkt. 256.

**This** Motion to Dismiss is based on Quinn's violations of mandatory ethical and fiduciary duties she owed to the City of Vancouver as its lawyer; duties arising under the Rules of Professional Conduct and attendant case law. Those duties existed **because** the City was still Quinn's client, even as she pursued her personal legal claims against that same client.

## III.   ISSUE PRESENTED

Should the Court dismiss Plaintiff Quinn's lawsuit based on egregious ethical violations that have irreparably tainted the proceedings and which warrant her forfeiture of any right to proceed?

## IV.   STATEMENT OF FACTS

Debra Quinn served as a City Attorney for Defendant City of Vancouver from April 1993 through the rescission of her appointment effective June 26, 2019. Quinn was the City's primary labor and employment attorney for a decade. She had the highest level of access to

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 2

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

all of the City's written and electronic records, encompassing every internal complaint and every filed lawsuit, including those arising from alleged discrimination. Quinn routinely represented the City when a current or former employee came forward with a legal claim of workplace discrimination. Quinn provided legal advice across Departments within the City, including Human Resources and the Fire Department. Quinn had unfettered access to the City Manager, Assistant City Manager, and to the heads of every Department in the City. (Dec. Lenda Crawford, Dkt. 75.) Of relevance to this Motion is the fact that Quinn, at times, also represented the City in handling public records requests and related matters.

Debra Quinn was placed on paid administrative leave on November 12, 2015, after she engaged in disturbing and evasive behavior during a meeting with her supervisor, then-City Attorney Bronson Potter, then Assistant City Attorney and now City Attorney Jonathan Young, City Attorney Dan Lloyd, and Tim Haldeman, the City's then Risk Manager. The meeting related to an active discrimination claim involving a City employee who happened to be a City Attorney. That employee's name was Suzanne Lampkin.

Quinn filed an internal complaint with Susie Schwabe, the City's then-Director of Human Resources on November 19, 2015, shortly after being placed on paid administrative leave. Quinn alleged that the decision to place her on leave was the result of gender bias. Quinn also hired a personal lawyer, Shelley Russell, who submitted a letter to the City on behalf of her client on November 30, 2015.

The City retained Katherine Weber, an outside professional and skilled attorney, to conduct an independent investigation into Quinn's allegations. After interviewing multiple witnesses, including Debra Quinn, and reviewing extensive documents, Katherine Weber issued a report which concluded that Quinn's allegations were unfounded.

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 3

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

Quinn requested an extension of her paid leave, which was granted. The City went to great expense to ease Quinn's return to the workplace. The City hired a prominent attorney with expertise in HR matters, Linda Walton, to serve as a neutral facilitator. Ms. Walton spent numerous hours on several occasions with Ms. Quinn, as well as Mr. Potter and Mr. Young, to structure a return to work that would be successful. Quinn tried to leverage the City's good faith efforts by demanding that City Attorney Bronson Potter be fired and she be paid a substantial financial package as conditions for her return to the workplace. The City declined these demands.

Following Quinn's return to work on March 1, 2016, she was temporarily reassigned to other duties. There was no change in Quinn's status or compensation. Quinn was removed from handling workplace discrimination related claims and lawsuits. Quinn's previously unlimited access to the entirety of the City's written and electronic records was reduced. These two self-protective measures were taken by the City because of the existence of what was, at the very least, a potential conflict of interest resulting from Quinn's lodging an internal complaint of discrimination and retaining her own personal lawyer. Quinn immediately protested the screening measures as retaliatory.

On April 29, 2016, Quinn filed a Complaint with the Equal Employment Opportunity Commission claiming workplace discrimination based on her gender, age and race/ethnicity (Quinn later withdrew the claims of discrimination based on age, race, and ethnic background). On September 12, 2017, Quinn learned that the EEOC did not find in her favor and was going to dismiss her Complaint. Soon after, on September 20, 2017, Quinn filed an internal Whistleblower Complaint with the City. (Exhibit 1.) (Notably, the City's Whistleblower Policy No. 508 explicitly excluded personnel and discrimination claims.

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 4

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

(Exhibit 2.) This was consistent with the provisions of the State Whistleblower statute, RCW

42.40.020(6)(vi)(b), which contains identical exceptions.)

On November 21, 2017, Quinn filed this federal court lawsuit against her

employer/client alleging workplace discrimination based on her gender and retaliation. By

any measure, Quinn was in a position legally adverse to her client.

Prior to filing this lawsuit, and continuing thereafter, Quinn actively sought out and

networked with City employees (some current, some former) whom she had reason to believe

might be disgruntled with the City. Quinn has acknowledged these various City employees

informed her that they believed they had been subjected to workplace discrimination. These

conversations took place off site at various restaurants and bars in Vancouver. Quinn

admitted at her depositions on September 11, 2018, and again on June 3, 2019, that she did

not report these concerns about possible discrimination to the Human Resources Department,

although that step is required by City Policy No. 307. (Exhibit 3.) As well, Quinn hid the

information from her client, the City, thereby prejudicing its ability to take corrective action if

warranted, or to properly defend itself from a future claim. (Exhibit 4). Quinn violated the

duty under RPC 1.4(a) and (b) to keep her client, the City, informed of all information

relevant to her representation. Instead, as described below, Quinn solicited City employees to

sue her client and actively, but secretly, supported those individuals with legal advice,

documents and her client's confidences and secrets.

**A.  Karen Reed – City Attorney For Vancouver: "Party Adverse To The City."**

(Now) former City Attorney Karen Reed was hired in early 2016 during Quinn's paid

administrative leave. Reed – facing a Performance Improvement Plan within a matter of

months following her hiring – decided to go out on a medical leave from which she never

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 5

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

returned. Reed alleged that she had a disability which had not been accommodated by the City.

On August 15, 2017, Quinn informed Reed that City Attorney Bronson Potter was considering having land use work performed by an outside contractor "counter to his argument against you." (Exhibit 5.) Reed had been assigned work in that subject area during her brief tenure with the City and prior to going out on medical leave. Quinn cited this to Reed as evidence of discrimination by Potter and the City against Reed. On November 28, 2018, Quinn informed Reed that Assistant City Attorney Jonathan Young had worked on the City's reply to Reed's EEOC Complaint. (Exhibit 6.) This information was imparted in an effort to encourage Reed to name Young as an individual defendant in the lawsuit Reed planned to file.

Quinn acknowledged meeting with Reed at the latter's home on at least two occasions, one of which was on June 24, 2017. (Exhibit 7.) Quinn assisted Reed in formulating Public Records Act requests to illicit information and documents from the City that Reed could use in suing the City, something Quinn did not disclose at her deposition. (Exhibit 8.) Quinn had acquired expertise in Public Records Act matters during her tenure as a City Attorney. In fact, Quinn was assigned to the Public Records Department at the time of her June 24, 2017 meeting with Reed. (Exhibit 9.)

On September 17, 2017, Quinn texted/emailed Reed stating, "Let me know if you need anything." (Exhibit 10.)

On October 20, 2017, Quinn emailed Reed and encouraged her to send a copy of Quinn's internal Whistleblower Complaint dated October 16, 2017 to the EEOC in order to bolster Reed's own filing with the Agency. (Exhibit 11.)

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 6

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

On November 2, 2018, Quinn had a face-to-face meeting with Julie Ballou (whom Quinn was also assisting in crafting a legal strategy against the City and who is discussed later in the Brief). Later that same day, Quinn contacted Reed to advise her that "Ballou had been passed over for a promotion, had filed a tort claim and would be filing a lawsuit in short order." (Exhibit 12.)

On November 20, 2017, Quinn forwarded a copy of her federal court Complaint to Reed. (Exhibit 13.) (Julie Ballou would receive the very same pleading on the same day.) Quinn filed her lawsuit the following day, November 21, 2017.

Quinn provided Reed with City documents and legal advice. The two City Attorneys arranged for their personal counsel to be in direct communication in order to confer about their respective client's legal claims against the City. (Exhibit 14.) This arrangement was of course hidden from the City.

Reed filed a tort claim with the City on December 20, 2018. (Exhibit 15.) Quinn was prominently identified as a witness for Reed. Quinn had no personal knowledge about Reed's hiring, performance, medical leave, or the conclusion of Reed's employment with the City. (Exhibit 16.) Reed's lawsuit was filed in federal court on March 8, 2019.

This documented chronology is utterly inconsistent with Quinn's testimony under oath at her depositions on September 11, 2018 and on June 3, 2019. Quinn represented that her dealings with Reed were very limited and restricted to offering personal support. At the time, Quinn was sitting on scores of electronic records that directly contradicted her sworn testimony and she was well aware of that fact.

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 7

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

1

2

**B. Julie Ballou – City of Vancouver Police Department: "Party Adverse To The City."**

3

Julie Ballou is a veteran member of the City of Vancouver Police Department. Before

4

turning to the facts verified by the documents long suppressed by Quinn (and the very

5

existence of which Quinn long denied), it is appropriate to once again consider Quinn's

6

deposition testimony given on September 11, 2018, and again on June 3, 2019. Quinn

7

acknowledged meeting with Ballou on several occasions at Vancouver area restaurants. As

8

Quinn had done with respect to Karen Reed, she described her discussions with Ballou as

9

being limited to expressions of personal support. (Exhibit 17.) Quinn even expressed

10

"surprise" that Ballou had filed a lawsuit against the City. (Exhibit 18.)

11

12

Yet again, Quinn's deposition testimony is directly contradicted by the electronic

13

communications she exchanged with Ballou and hid from the City. Quinn's Revised Privilege

14

Log, dated July 17, 2020 and attached as Exhibit 5, revealed that 197 electronic

15

communications were exchanged between Quinn and Ballou from July 2, 2018 through

16

August 19, 2019.

17

Ballou filed her initial tort claim with the City on September 14, 2018. (Exhibit 19.)

18

This was followed by a second tort claim submitted on November 9, 2018. (Exhibit 20.)

19

20

Ballou took that step based on legal advice from Quinn who warned Ballou of the pitfalls in

21

failing to adhere to the strict statutory requirements for service of tort claims against a

22

municipal entity. (Exhibit 21.)

23

24

25

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 8

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

Ballou was part of a troika created by Quinn that also included Karen Reed. As with Reed, Quinn eagerly offered legal and strategic advice to Ballou for use in the latter's lawsuit against the City. (Exhibit 22.) More about the troika follows below.

In a November 2, 2018 email to Reed, Quinn connived to orchestrate an alliance between herself, Reed, Ballou, and their individual lawyers. (Exhibit 12.) On November 15, 2018, Quinn sent an email to Ballou inquiring whether Karen Reed had provided Ballou with contact information so that Ballou's lawyer could confer with Reed's lawyer. (Exhibit 23.)

On November 2, 2018, Quinn emailed Ballou the following message, "My thought is that we would be strong in numbers not individually." (Exhibit 12.)

Ballou filed her federal court lawsuit on January 3, 2019. Barely a month later, on February 2, 2019, Quinn emailed Ballou confirming that their respective personal lawyers had been in contact. (Exhibit 24.)

Despite Quinn's testimony under oath that her conversations with Ballou were not substantive, the long suppressed documents prove otherwise. Even Ballou conceded at her own deposition on October 15, 2019 that Quinn had provided her with legal advice, including a directive to go to the EEOC and advice about the correct way to file a tort claim with the City. (Exhibit 25.) Quinn's intentions were clear. Quinn knew that a failure by Ballou to timely file a complaint with the EEOC could bar a Title VII lawsuit. Filing with the Agency and receiving a right-to-sue letter are conditions precedent to invoking the Court's jurisdiction under Title VII. Quinn also understood that under RCW 4.96.020, the failure to properly serve a tort claim could result in dismissal of a lawsuit with prejudice.

Ballou's electronic communications with Quinn also shed substantial light on one of the most significant ethical transgressions by Quinn in the course of this lawsuit. Both the

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 9

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

companion Motion for Discovery Sanctions and the FRCP 56 Motion for Summary Judgment include comprehensive analyses of RPC 1.6 and Quinn's obligations thereunder to protect the City against over disclosure of the City's secrets and confidences to Quinn's lawyer in prosecuting her personal lawsuit. Since Quinn's personal lawyer was in communication with the respective attorneys for Karen Reed and for Julie Ballou, it is entirely possible, and frankly, probable, that secrets and confidences of the City to which Quinn's lawyer gained access through his client, were in turn conveyed on to the lawyers for Reed and for Ballou. RPC 1.6(b) does not permit such a transmission of the client's secrets and confidences to a third party – lawyer or not.

Quinn even resorted to cloak and dagger techniques in her clandestine campaign to drum up litigation against her client. Quinn was deposed as a witness in the Ballou case on January 14, 2020. Quinn acknowledged arranging to meet with Ballou at the Black Rock Café in Vancouver. Instead, they connected on the street because Ballou had to cancel the sit-down with Quinn. Nonetheless, Ballou handed over documents to Quinn that were enclosed in an envelope. Quinn maintained at her deposition that she could not recall the contents of the documents, and that she could no longer locate them. (Exhibit 26.)

Quinn also invited and encouraged Ballou to accompany her to a meeting with Dan Tilcen of KOIN News – together with Quinn's personal lawyer – in order to pursue possible media coverage. (Exhibit 27.)

Quinn further testified at her deposition in the *Ballou* lawsuit about a meeting in the fall of 2017 that she had with Katie Sword of *The Columbian*, the preeminent newspaper in Vancouver. Ms. Sword is an investigative reporter. According to Quinn's testimony, Ms. Sword asked her for the names of other women employees with workplace discrimination

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 10

DAVIDSON, KILPATRIC & KRISLOCK, PLLC
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

allegations against the City. Quinn reached out to Ballou to encourage her to tap into the opportunity for media coverage. (Exhibit 28.)

### C. Commander Nannette Kistler - City of Vancouver Police Department: "Party Adverse To The City."

Commander Nannette Kistler of the Vancouver Police Department was another target in Quinn's campaign to solicit plaintiffs to file gender discrimination lawsuits against her client, the City. At Quinn's depositions in this case on September 11, 2018 and June 3, 2019, Quinn admitted meeting at various offsite locations with Commander Kistler and Commander Amy Foster. The two Commanders happen to be married to each other, as well as being co-workers. Quinn acknowledged that Kistler and Foster had informed her of their experiences of alleged gender discrimination in the workplace on multiple occasions, but Quinn did not report these allegations as required by City Policy No. 307. (Exhibit 3.) Nor did Quinn notify her client, the City, so that it could take prompt corrective action and/or prepare to defend itself in the event of a claim.

As part of Quinn's grooming efforts, she provided confidential records of the City to Kistler. These documents had been improperly accessed by Quinn. She had no legitimate reason to possess them. And she had no authorization to transmit them to Kistler. Quinn used her personal email address, as well as Kistler's, to effectuate these transfers.

A Confidential Report dated March 20, 2017 pertaining to the Vancouver Police Department was the first document known by the City to have been emailed by Quinn to Kistler. That transmission occurred on April 4, 2017. (Exhibit 29.) The Confidential Report had been prepared by attorney and outside investigator, Marcella Fleming Reed. Neither Kistler nor Quinn were intended recipients of the Confidential Report. It was addressed to Susan Schwabe, the then head of Human Resources and a personal friend of Quinn. The

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 11

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

Confidential Report  analyzed discrimination complaints that had been lodged by Kistler and

Foster against Police Chief James McElbain and the Vancouver Police Department. The

allegations were not sustained. Quinn had already been temporarily removed from providing

labor and employment advice to the City almost a year before she transmitted the

Confidential Report to Kistler. Consequently, she would not have had any legitimate basis to

possess the Confidential Report. This was further confirmed by the fact that Assistant Chief

City Attorney Jonathan Young served as the legal advisor to the Vancouver Police

Department at the time, as he had done for many years. Of course, Young had no idea that

Quinn was purloining confidential City records and then channeling them to disgruntled City

personnel who were not authorized to receive them.

On August 17, 2017, once again using their private email accounts, Quinn and Kistler

exchanged the transcript of an Internal Affairs interview of Vancouver Police Officer Kelly

Gibson which had occurred on August 15, 2017. (Exhibit 30.) Some context will further

illuminate the impropriety committed by both the sender and recipient.

Officer Gibson had been involved in an open and bitter custody battle with yet another

member of the Vancouver Police Department – Sargeant Therese Kubala, her former

domestic partner, co-worker and co-parent. Sargeant Kubala lodged an internal complaint

against Officer Gibson that arose from the domestic violence incident. Sargeant Kubala was a

personal friend of both Commander Kistler and Commander Foster, a fact known to Quinn.

Commander Kistler had complained to the Department about Gibson, a fact also known to

Quinn. Office Gibson believed that both Commanders "mistreated her" and protected Kubala.

(Exhibit 31.) Since the Internal Affairs investigation was still pending, this leak of a witness

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 12

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

interview was highly irregular and violated Police Department policies, specifically VPD Policy 902.25(c)2 – mandating confidentiality of IA investigations that were pending.

Quinn was quite willing to provide illicit insider information to Kistler and Foster in the hope of parlaying her largesse into more legal claims against the City. Quinn's favors were not limited to the two clandestine transmissions cited above. They extended to City records dealing with Kistler herself. Several months following Quinn's return from paid administrative leave on March 1, 2016, she was given certain assignments in the Public Records Department to replace work which had been temporarily reassigned to others because of the existence of a conflict of interest.

Quinn was reporting to then-Chief Assistant City Attorney Jonathan Young. Mr. Young made clear to Quinn the parameters of her responsibilities in the Public Records Department. He set boundaries which were reflective of the fact that she had been temporarily reassigned as the City's chief labor and employment Attorney. On August 4, 2017, Young informed Quinn that she was prohibited from handling legal review of **any** Public Record Act request related to personnel investigations, and that City Attorney Michael Nigrey was to handle **all** Police Department records requests. (Exhibit 32;Young Declaration.)

Quinn disregarded these boundaries and instead insinuated herself into working on the City's responses to Kistler's Public Records Act request which had been submitted on November 3, 2016. When Legal Assistant Tammie Zurn, who had been working on the Kistler Public Records Act request, left employment due to a military deployment in the summer of 2017, Quinn asked Young for permission to take over the handling of the Kistler Public Records Act request. (Exhibit 33.) Jonathan Young reiterated to Quinn that any

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 13

DAVIDSON, KILPATRIC & KRISLOCK, PLLC
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

records requests pertaining to personnel investigations were to be handled by City Attorney Michael Nigrey. (Exhibit 34.)

Quinn circumvented Young's directive through an affirmative misrepresentation. First, Quinn knew Jonathan Young was in the dark about her clandestine dealings with Kistler. Second, Young was told that the only documents which remained to be reviewed for the Kistler Public Records Act request, consisted of regular business emails. Thus, under false pretenses, Quinn maneuvered so that she had the ability to access all of the records involving Kistler – including the City's attorney-client privileged and work product documents, and pass them on to Kistler.  Kistler and Gibson filed complaints with the City alleging gender discrimination in December 2018.

Quinn's transmission of the Kelly Gibson interview transcript to Kistler – discussed above - occurred in August 2017. This was the same month in which Quinn asked Jonathan Young to be assigned to handling the Kistler Public Records Act request.

## V.    QUINN'S SERIAL AND EGREGIOUS VIOLATIONS OF HER MANDATORY ETHICAL DUTIES REQUIRE FORFEITURE OF HER LAWSUIT

### A.  Quinn Misled The Court When She Opposed The City's First Motion To Dismiss.

This renewed Motion to Dismiss is more compelling than in its original form. There are two reasons for this. First, this Brief cites to and analyzes the long-suppressed evidence that Quinn withheld from the City, and from the Court, at the time of the initial Motion to Dismiss. Second, Quinn obviously compounded her underlying ethical transgressions by lying about them to the City, her client, and to the Court through deceitful discovery responses and deposition testimony, and in her Opposition to the City's initial and unsuccessful Motion to Dismiss.

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 14

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

Under no circumstance is it ethically permissible for a lawyer to lie to a current client. Similarly, under no circumstance is it ethically permissible for a lawyer to lie to the Court, whether the lawyer appears before the Court as a party, or as legal counsel for a party. The same analysis applies to misrepresentations that result from omissions. RPC 3.3.

**B. There Is No Legal Authority That Permits A Lawyer To Sue Her Employer/Client And To Violate The Rules Of Professional Conduct Owed To That Client.**

This case is very far removed from a routine employment discrimination lawsuit. First, it is by no means broadly recognized that a lawyer is legally permitted to sue his/her client/employer while the employment relationship remains intact. The Washington Court has held that an employment-based cause of action **may** arise where the lawyer/plaintiff has **already** been terminated by the employer/client. *Karstetter v. King County Corrections Guild*, 444 P.3d 1185 (2019). It is a radically different proposition when the lawyer/plaintiff sues the very client for whom the lawyer then continues to provide legal representation.

Even assuming for purposes of argument that a lawyer-employee could conceivably sue her/his employer-client in Washington and still continue to serve as a lawyer for that same client, it would require a profound, diligent and transparent commitment to honor the ongoing ethical and fiduciary duties attendant to the relationship. This would extend to such things as complete disclosure of potential or actual conflicts, the updating of prior disclosures by promptly revealing new material facts, and painstaking compliance with the abiding and mandatory duties of a lawyer, including the duty of loyalty.

**C. Quinn Created And Then Hid Material Conflicts Of Interest From The City.**

As noted earlier, after the City learned that Quinn was contemplating taking legal action against it, the City took a few self-protective measures. Quinn immediately challenged these self-protective measures as retaliation. Quinn's response then was a precursor to the multiple

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 15

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

intractable conflicts of interest which she subsequently created because of her decision not only to sue her client and to continue representing that client, but to secretly exploit the relationship through commission of ethical violations designed to advance her personal lawsuit.

As soon as Quinn first began to consider suing her client, the City, a potential conflict of interest arose under RPC 1.7. Once Quinn lodged a written, internal Complaint with the Human Resources Department of the City in November 2015, that potential conflict of interest crystalized. In November 2015, Quinn had retained a personal lawyer, Shelley Russell. Ms. Russell sent a letter to the City in December 2015, claiming that Debra Quinn had been subjected to illegal treatment in the workplace. As a result, an actual and unequivocal conflict of interest had arisen between Quinn and her client, the City.

Quinn filed a Complaint with the EEOC in April 2016; a mandatory step for any person who intends to prosecute a claim of gender discrimination under Title VII. That step effectively removed any ambiguity about Quinn's intentions to sue her client, the City.

**Quinn the prospective plaintiff was still Quinn the lawyer.** A fiduciary relationship exists as a matter of law between an attorney and client, and the attorney owes the highest duty of fidelity and good faith to the client. *In re Larson*, 103 W.2d 517, 520, 694 P.2d 1051 (1985). Central to an attorney's duty of loyalty is to not devote time and effort to harm the client's interest. *In re Marriage of Wixom and Wixom*, 184 Wn.App. 881, 908, 332 P.2d 1063 (2004). The legal principles cited in these cases are embodied in the Rules of Professional Conduct. They applied to Quinn because she continued to be the City's lawyer after commencing her

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 16

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

lawsuit. The Rules of Professional Conduct pertinent to this Motion are analyzed and discussed below.

### D. The Pertinent Rules of Professional Conduct.

While the factual record before the Court is somewhat complex, the legal analysis is not. Much, if not all, the Court needs to consider is set forth in the Rules of Professional Conduct. By way of overview, there are a few key analytical building blocks that derive from the Rules of Professional Conduct cited below. Quinn was required to, but did not receive her client's informed consent to the arrangement whereby she continued to represent the same client that she was suing while secretly violating her ongoing ethical duties. Quinn never provided the City with a verbal or written disclosure of all the material facts related to this unilateral arrangement or the consequences ensuing from her continued representation of the City, particularly given her clandestine solicitation of, and aiding and abetting of other prospective and actual plaintiffs. Quinn never bothered to provide supplemental disclosures of material facts and risks tied to her sequential secret and wrongful actions. Quinn exponentially exacerbated the conflicts of interest that existed. Quinn went to great lengths to hide material facts relating to the conflicts of interest. Because of this, the City could not possibly engage in a meaningful assessment of the risks of Quinn's continuing representation.

RPC 1.4(a) provides:

A lawyer **shall**;

(1)  promptly inform the client of any decision of circumstance with respect to which the client's informed consent, as defined in Rule 1.0A(e), is required by these Rules;

\* \* \*

(b)  A lawyer **shall** explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

**Quinn ignored this mandatory ethical duty.**

RPC 1.7 provides:

CONFLICT OF INTEREST: CURRENT CLIENTS

(a) **Except** as provided in paragraph (b), a lawyer **shall** not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

\* \* \*

(2) there is a significant risk that the representation of one or more clients will be materially altered … by a personal interest of the lawyer.

**Quinn ignored this mandatory ethical duty.**

RPC 1.7 further provides:

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer **may** represent a client **if**:

\* \* \*

(4) each affected client gives informed consent, confirmed in writing (following authorization from the other client to make any required disclosures).

**Quinn ignored this mandatory ethical duty.**

RPC 1.8 provides:

CONFLICT OF INTEREST: CURRENT CLIENTS: SPECIFIC RULES

(b) A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules.

**Quinn ignored this mandatory ethical duty.**

RPC 1.0A TERMINOLOGY

\* \* \*

(e) "Informed consent" denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 18

DAVIDSON, KILPATRIC & KRISLOCK, PLLC
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct.

**Quinn never obtained the City's informed consent – a mandatory ethical duty.**

At no time did Quinn submit a written or electronic communication to the City, her client, disclosing all the risks of and the material ramifications of her decision to sue her client, even as she continued to represent that same client and generate more hidden conflicts. Candid disclosure by Quinn of all her relevant clandestine activities would have inevitably resulted in an immediate objection by the City to Quinn's continued employment as the City's lawyer. Quinn realized this and carefully cloaked her actions in secrecy, thereby violating RPC 1.4(a)(i) and (b).

Quinn admits that she never obtained a written conflict of waiver letter from her client. Quinn argues that her verbal disclosures were fully adequate, and that RPC 1.7 does not actually require written confirmation by the client of its consent to continuing representation in the face of a potential or actual conflict of interest. Quinn's defense is patently flawed. Quinn did not verbally disclose the clandestine adverse actions she perpetrated against her client. Those were most certainly relevant to Quinn's ability to continue representing the City. Quinn did not notify the City of the material risks of her illicit acts. She hid them. The City could not even consider, much less consent to, such conflicts, when critical information was withheld from it.

The duty to supplement with new material facts germane to a potential or actual conflict of interest is clearly and necessarily ongoing in nature, particularly in the circumstances that existed with Quinn's continued representation of the City, coupled with her side show of soliciting and the aiding and abetting of prospective and actual plaintiffs from the pool of City

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 19

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

employees. As new facts developed that pertained to the existence of a potential or actual conflict of interest, Quinn was required to augment any initial verbal or written disclosures made to her client and to identify each and every new material fact unknown to her client for purposes of first securing and then maintaining the City's informed consent.

Under the documented facts of this case, Quinn was ethically required to withdraw as a lawyer for the City long before her appointment was rescinded in June 2019. But she far preferred to cash her paychecks and to exploit the unique access to documents and personnel she enjoyed as a City Attorney.

Finally, it is imperative to consider the following. RPC 1.7 does not recognize that every actual or potential conflict of interest is waivable. The fact that Quinn did not voluntarily withdraw from representing the City, as required under the circumstances she secretly created, irreparably tainted her representation of the City and undermined the rights of the City, her client, in the lawsuit she was prosecuting against it.

### E. Quinn Systematically And Secretly Violated The Duty of Loyalty Owed To The City.

Quinn secretly plotted against her client, the City, by aiding and abetting other disaffected current or former City employees who were contemplating or who had filed lawsuits against her client. Quinn engaged in these clandestine solicitations, which directly violated her continuing duty of loyalty to her client for two reasons: to harm the City and to enhance her prospects in her personal lawsuit. Compounding the commission of these acts of disloyalty and the purposeful secrecy in which they were perpetrated, Quinn also perjured herself at her depositions on September 11, 2018 and June 3, 2019. (Exhibit 35.) Quinn also suppressed hundreds of electronic records in her possession which documented these same ethical violations. These are discovery violations. But they also ran afoul of Quinn's

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 20

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

independent, ethical duties to her client which were fiduciary in nature and arose because she was the City's attorney.

But there is more. Quinn's September 2017 internal Whistleblower Complaint (Exhibit 1), contains several explicit statements by Quinn that the City, her client, had serially violated federal and state workplace laws and the City's Code in its treatment of scores of current and former City employees. The Whistleblower Complaint contained Quinn's legal opinions which were directly and unequivocally adverse to her client regarding numerous employment discrimination matters. Quinn's legal opinions even extended to claims and cases where she herself had represented the City. Lenda Crawford Declaration, Dkt. 75.

Quinn's adverse legal opinions and their publication are blatant violations of both the duty of loyalty, but also of RPC 1.6. The statements about matters in which Quinn had represented the City necessarily and inevitably violated RPC 1.6(a) and (c). They were based on Quinn's analysis of the entirety of the confidences and secrets of her client with which she had been previously entrusted as the City's attorney in those specific matters.

The malevolent intent that drove Quinn's ethical misconduct was explicitly laid out in an exchange between Quinn and her co-collaborator, City Attorney Karen Reed. Quinn had provided a draft of the Whistleblower Complaint to Reed and encouraged Reed to submit it to the EEOC in support of Reed's own complaint that had been lodged with the federal agency. On September 15, 2017, Reed inquired about Quinn's intentions in filing the September 26 internal Whistleblower Complaint. Quinn responded as follows: "I absolutely want this to be subject to Public Records." (Exhibit 36.)

Quinn knew that the City of Vancouver's Whistleblower Policy No. 508 expressly excluded personnel matters, including claims of discrimination and retaliation. City Policy No.

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 21

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

508 is consistent with the Washington Whistleblower statute, RCW 42.44, which also incorporates that same exception. Ultimately, Quinn would not assert a Whistleblower claim in this federal court lawsuit. She knew it was not legally cognizable. Quinn's real strategy with respect to the September 2017 Whistleblower Complaint was directed at the solicitation of other plaintiffs. Quinn intended to, and did, prepare and file a document she knew would be a public record available to any member of the public (including current and former City employees) for use in then pending or future litigation against her client. Quinn also provided a copy of the Whistleblower Complaint to *The Columbian*, and it was featured in an article by Katie Sword on October 26, 2017.

### F.  Quinn Violated RPC 1.6(a) and (b).

Quinn failed to take all reasonably necessary concurrent steps as required by RPC 1.6(a) and (c) to protect the City, her client, from the possibility of over disclosure of the City's confidences and secrets to her personal lawyers. An over disclosure under RPC 1.6(b) is automatically an unauthorized disclosure of a client's confidences and secrets under the Rules. Unauthorized disclosures are prohibited under RPC 1.6(a) and (c).

The concurrent duty to protect client confidences and secrets attaches where the lawyer decides to sue her/his client. The duty is not dependent on the existence of an employment relationship; it arises entirely under RPC 1.6(a) and (c) and applies to all lawyers. Reduced to its most basic tenet, RPC 1.6(b) permits a lawyer to disclose "reasonably necessary" client confidences and secrets to the lawyer's personal counsel for purposes of a lawsuit by the lawyer against her/his client. But RPC 1.6(a) and (c) provide that the plaintiff/lawyer **must** also, on a **concurrent** basis, take all reasonably necessary acts to protect that same client from the

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 22

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

possibility of over disclosure (a/k/a unauthorized disclosures) of the client's confidences and secrets in prosecuting the personal lawsuit.

What is "reasonably necessary" is not a subjective standard. Nor can the disclosing lawyer forgo taking concrete, objective steps in order to balance the competing interests in what is an obvious conflict of interest: the lawyer/plaintiff is on the one hand obligated to protect his/her client's confidences even as that same lawyer/plaintiff is suing her/his client and disseminating at least some of the client's secrets and confidences to the lawyer's personal attorney. RPC 1.6, Note 16. Given Quinn's documented and serial ethical transgressions, no reasonable person could safely presume that Quinn honored the boundaries of "reasonably necessary" disclosures to her personal lawyers.

This legitimate concern is even more compelling when one considers that Quinn took none of the concrete, objective steps available to her to protect the City from over disclosures of its secrets and confidences to her personal lawyers. Quinn did not ask the City for permission to disclose its secrets and confidences before sharing them with her personal lawyers; she did not seek the Court's permission in advance of making those disclosures to her personal lawyers and providing the Court with documents for an *in camera* review to determine what was or was not reasonably necessary to Quinn's lawsuit; Quinn did not retain an ethics advisor with the requisite specialized knowledge, although Quinn acknowledged that the staff attorney with whom she spoke on the Washington State Bar Association Ethics Hotline advised her to take that step. (Exhibit 37.) Quinn also authorized her personal lawyers to confer with the lawyers representing Reed and Ballou. That is not permitted under RPC 1.6(b).

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 23

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

## VI.     RELIEF SOUGHT:DISMISSAL OF QUINN'S CASE WITH PREJUDICE

There is a "Ripley's Believe It Or Not" quality to the litany of Quinn's proven ethical transgressions. Quinn's conduct in her capacity as a lawyer for the City seems almost surreal when contrasted with the language cited below from the Washington Rules of Professional Conduct.

PREAMBLE: A LAWYER'S RESPONSIBILITIES

[1] A lawyer, as a member of the legal profession, is a representative of clients, an officer of the court and a public citizen having special responsibility for the quality of justice.

Quinn failed on all three counts.

On August 31, 2020, at her third deposition in this lawsuit, Quinn continued to deny that she had provided legal advice or other assistance to Ballou, Reed, and Kistler in prosecuting their claims against the City during the time when Quinn was still acting as the City's attorney. (Exhibit 38.) Even now Quinn remains impervious to the mandatory duties she owed to the City as her client, regardless of the lawsuit. That Quinn has never heeded ethical boundaries in prosecuting her lawsuit is dispositive of the outcome of this Motion.

Quinn chose to dishonor her ongoing ethical obligations because they were not compatible with her personal agenda of suing her client for millions of dollars in alleged damages. Government lawyers, like Quinn, are supposed to be servants dedicated to the public and not rogues. That Quinn resorted to perjury and the suppression of evidence to prejudice her client and to promote her personal lawsuit is insidious and unconscionable.

There is another insurmountable fact. Quinn is a liar. There is no reliable way to access or evaluate all the ways in which Quinn has prejudiced her client, the City, in this lawsuit, as well as the lawsuits she encouraged other current and former City employees to file. Dismissal of Quinn's lawsuit with prejudice is both necessary and the only fair outcome.

DAVIDSON, KILPATRIC & KRISLOCK, PLLC
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

DATED October 29, 2020, at Seattle, Washington.

DAVIDSON, KILPATRIC & KRISLOCK, PLLC

By */s/Colleen Kinerk*
Colleen Kinerk, WSBA No. 7676
520 Kirkland Way, Suite 400
P.O. Box 817
Kirkland, WA 98083-0817
Phone: (425) 822-2228
Email: colleen@kirklandlaw.com
***Counsel for Defendant City of Vancouver***

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 25

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725

1

## CERTIFICATE OF SERVICE

2

     I hereby certify that on October 29, 2020, served the foregoing document on the following counsel of record via email:

3

4

     **Attorneys for Plaintiff**
Damien T. Munsinger
 Russell Gomm

5

Klein Munsinger LLC
1215 SE 8th Avenue, Suite F

6

Portland, OR 97214-3497
Phone: 503-568-1078

7

Email: damien@kleinmunsinger.com; russell@kleinmunsinger.com

8

     **Attorneys for Defendant Eric Holmes**
Sheryl D.J. Willert

9

WILLIAMS KASTNER
Two Union Square

10

601 Union Street, Suite 4100
Seattle, WA 98101-1368

11

Phone: 206-628-6600
Email: swillert@williamskastner.com

12

     Jeffrey M. Wells
WILLIAMS KASTNER

13

Two Union Square
601 Union Street, Suite 4100

14

Seattle, WA 98101-1368
Phone: 206-628-6600

15

Email: jwells@williamskastner.com

16

     **Attorneys for Defendants Bronson Potter and Jonathan Young**
Jayne L. Freeman

17

KEATING BUCKLIN & McCORMACK, INC., P.S.
801 Second Avenue, Suite 1210

18

Seattle, WA 98104-1518
Phone: 206-623-8861

19

Email: jfreeman@kbmlawyers.com

20

     DATED: October 29, 2020.

21

               */s/Rosanne Wanamaker*
               Rosanne Wanamaker, Legal Assistant to Colleen Kinerk

22

23

24

25

DEFENDANT CITY OF VANCOUVER'S
RENEWED MOTION TO DISMISS BASED ON
QUINN'S ETHICAL MISCONDUCT - 26

**DAVIDSON, KILPATRIC & KRISLOCK, PLLC**
520 KIRKLAND WAY, SUITE 400
P.O. BOX 817
KIRKLAND, WASHINGTON 98083-0817
(425) 822-2228
Fax: (425) 827-8725