1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBRA QUINN,

                              Plaintiff,

        v.

CITY OF VANCOUVER, et al.

                              Defendants.

CASE NO. C17-5969 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION IN
PART

13    This matter comes before the Court on the Report and Recommendation ("R&R")

14    of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 307, and

15    Plaintiff Debra Quinn's objections to the R&R, Dkt. 308.

16    This matter is a long-running employment discrimination case. Quinn, an attorney,

17    is suing her former employer and client, Defendant City of Vancouver, among others.

18    Quinn's dilatory and evasive discovery conduct required Judge Creatura to expend

19    substantial Court resources managing the pretrial discovery phase in this case.

20    The R&R is clear, detailed, and comprehensive. It addresses the City's motion for

21    sanctions, Dkt. 256, and details how throughout discovery in this case Quinn has

22    concealed communications she had with current and former City employees about her

claims and theirs against the City. Judge Creatura concludes that both monetary and non-monetary sanctions are warranted based on Quinn's deposition testimony about her communications with the other claimants and based on the multiple motions and forensic examination of Quinn's devices the City had to undertake as a result of her misconduct.

Quinn objects, contending that she did not testify falsely or disobey the Court's order in connection with the forensic examination of her devices, and objects to the award of fees and costs as excessive. The City did not respond to Quinn's objections.

## I.   DISCUSSION

On non-dispositive orders, the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a).

### A.   Monetary Sanctions

Judge Creatura recommends requiring Quinn to pay monetary sanctions in the amount of $50,843.66, consisting of $34,790 in attorneys' fees and $16,053.66 in costs. The attorneys' fees compensate the City for its partially successful first and third motions to compel, its successful second motion to compel, and the instant motion for sanctions (reflecting Judge Creatura's recommendation to reduce by 20% for block-billed time). The costs represent the amount incurred in connection with the forensic examination of Quinn's devices.

Quinn has failed to establish that Judge Creatura's recommendation that monetary sanctions be awarded is either clearly erroneous or contrary to law. She has also failed to establish that the recommended costs and fees are excessive. Her argument that the City

1  misread the scope of the discovery requests, failed to resolve her objections, and then

2  unnecessarily incurred significant costs by seeking a forensic examination of her devices

3  was already considered and rejected by Judge Creatura.

4        As detailed in the R&R, Quinn delayed and failed to respond to the City's requests

5  for production, repeatedly failed to provide a privilege log, and asserted privileges that

6  did not apply, necessitating court-ordered forensic examination of her devices and a

7  further motion to compel production of the recovered documents and accompanying

8  privilege log. The attorneys' fees and costs Judge Creatura recommends are

9  compensatory rather than punitive, supported by a clearly-articulated causal link between

10  Quinn's misconduct and the legal fees and costs paid by the City, and represent only the

11  portion of fees and costs the City would not have paid but for the misconduct. *Goodyear*

12  *Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186–87 (2017) (citing *Mine Workers v.*

13  *Bagwell*, 51 U.S. 821, 826–30 (1994); citing and quoting *Fox v. Vice*, 563 U.S. 826, 836

14  (2011)). Therefore, Quinn's objections to the monetary sanctions are denied.

15  **B.**    **Failure to Comply with a Court Order**

16        Quinn has similarly failed to establish that Judge Creatura's conclusion that she

17  failed to obey the Court's discovery orders is clear error or contrary to law. Quinn argues

18  that she only withheld documents following Court-ordered forensic examination based on

19  the City's expert's failure to follow the examination protocol he identified and based on a

20  lack of clarity in the Court's intent that the broader scope of documents be disclosed.

21  Judge Creatura has carefully considered and rejected Quinn's basis for withholding these

22  documents. He held oral argument on the City's second motion to compel compliance

1   with the forensic examination order, affording Quinn a thorough opportunity to present

2   her position. Dkt. 237. Quinn also presented these arguments to Judge Creatura in her

3   opposition to the motion for sanctions. Dkt. 273 at 4–5. Judge Creatura has carefully

4   considered and rejected these arguments, and the Court agrees with his conclusions. They

5   are not clearly erroneous or contrary to law. Therefore, Quinn's objections to the

6   conclusion that she failed to comply with a court order are denied.

7   **C.    Deposition Testimony**

8           The City asks the Court to dismiss Quinn's lawsuit with prejudice as sanction for

9   her discovery misconduct. Judge Creatura correctly concluded that the Court's discretion

10  to dismiss an action as a sanction is limited and is not warranted in this case. Dkt. 307 at

11  27–28 (citing, among others, *Comput. Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115

12  (9th Cir. 2004); *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997)). Though the

13  Court agrees that the sanction of dismissal is too harsh, the Court finds it necessary to

14  mitigate the prejudice caused by the discovery violations by amending the scheduling

15  order to continue the trial date.

16          Though not specifically requested, Judge Creatura determined that lesser non-

17  monetary sanctions were warranted in lieu of dismissal as Quinn's discovery conduct has

18  "seriously impaired defendants' ability to efficiently litigate this matter." *Id*. at 29–30

19  (citing, among others, *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980)). He

20  recommends deeming the following facts as admitted under Federal Rule of Civil

21  Procedure 37(c) as a sanction for Quinn's false deposition testimony and the compelled

22  disclosure of documents inconsistent with that testimony:

For purposes of this litigation, it shall be deemed admitted that when plaintiff testified on September 11, 2018, and June 3, 2019, that she had not encouraged any former or current City of Vancouver employee to file suit or file a complaint of discrimination against the City, she failed to disclose:

    a)  that she had in fact communicated with former City employee Karen Reed regarding Ms. Reed's EEOC complaint; that she had provided Ms. Reed with City documents and communications in support of Ms. Reed's EEOC complaint, and that she had agreed to act as a fact witness in support of Ms. Reed's EEOC complaint; and

    b)  that she had in fact communicated with current City employee Julie Ballou and encouraged Ms. Ballou to file a complaint with the EEOC and encouraged Ms. Ballou not to "hold off on any action" against defendant City.

*Id.* at 30–31. This formulation accurately characterizes what transpired.

However, Quinn asserts that the R&R erred in concluding she testified falsely. Her arguments parse the deposition questions closely.

Quinn's September 2018 deposition included the following exchange:

**Q:** Have you ever encouraged any current employee of the City to file an *internal complaint*?

**A:** No.

**Q:** Have you ever encouraged any current City employee to file a *lawsuit* against the City claiming discrimination?

**A:** No.

**Q:** Have you encouraged any former employee of the City to file a *complaint of discrimination* against the City?

**A:** No.

**Q:** Have you ever encouraged any former employee of the City to file a *complaint with the Equal Employment Opportunity Commission*?

**A:** No.

1    Dkt. 244-3 at 2 (emphasis added)

2        Quinn points out that only the first two questions ask about current City

3    employees, relevant to Julie Ballou. Dkt. 308 at 2. Quinn's messages to Ballou in July

4    2018 include: "I am not sure you should agree to let the City investigate. Just go directly

5    to the EEOC," Dkt. 285-3 at 1; "Don't hold off on any action because you want to wait

6    until the investigation is done." *id.* at 2.; "One thing to keep in mind is you likely want to

7    file an EEOC complaint within I think 180 days of the action. You have time but keep it

8    in mind," *id.*; and "Look at RCW 4.96.020[.] . . . It is critical [your attorney] serves [the

9    tort claim] on the right people," *id.* at 3.

10       Quinn contends that she testified truthfully because Ballou was a current

11   employee, and her communications with Ballou relate to an EEOC complaint and a tort

12   claim, rather than an internal complaint or a lawsuit. Of course, a tort claim under RCW

13   4.96.020 is a prerequisite to a tort suit against a local government entity and its agents in

14   Washington. RCW 4.96.020(4). By referring Ballou to the tort claim statute, Quinn did

15   not directly encourage Ballou to *file* a lawsuit. One purpose of the claim filing procedure

16   it to give the public entity an opportunity to resolve the case prior to a lawsuit being filed.

17   Thus, although Quinn's answer did not clearly encourage the *filing* of a lawsuit, she was

18   giving counsel as to what the statutory prerequisite was if Ballou ultimately intended to

19   file a suit. Quinn's use of the word "action" might be considered synonymous with the

20   word "lawsuit", as is commonly used in the legal vernacular, but she did not use the word

21   "file." Further, the word "action" in the context of Quinn's statement is, at least,

22

1   ambiguous. As a result, the Court cannot conclude that Quinn gave false testimony on

2   this subject.

3       Quinn explains that the second two deposition questions ask only about former

4   employees, relevant to Karen Reed. She contends that since she did not encourage Reed

5   to *file* a complaint of discrimination against the City or *file* an EEOC complaint, it is

6   irrelevant that she may have sent documents to Reed, communicated with Reed about her

7   existing EEOC claim, or agreed to be a witness regarding Reed's EEOC claim. Dkt. 308

8   at 3. Quinn also contends that because Reed filed her EEOC complaint in February 2017,

9   Judge Creatura erred in concluding Quinn's substantially later email encouraged Reed to

10  file her complaint. *Id.* at 4.[1]

11      A deponent is under oath to testify truthfully. *See* Fed. R. Civ. P. 30(c); Fed. R.

12  Evid. 603. In the most technical sense, Quinn is correct that her answers may be regarded

13  as truthful.

14      Quinn's objection to Judge Creatura's characterization of her June 2019 deposition

15  testimony relies on even more tenuous ground. Quinn was asked: "Did you encourage

16  [Karen Reed] to file a lawsuit against the City of Vancouver?" Dkt. 257-2 at 6. She

17  responded: "That was purely her decision. I did not encourage her." *Id*. Quinn

18  emphasizes that this question was "only one in a line of some thirty-five detailed question

19  the City asked [Quinn] about her interactions with Ms. Reed." Dkt. 308 at 4. She again

20  emphasizes that the City did not ask about any of the conduct she admittedly undertook

21  _____

22      [1] Quinn references an October 2017 email but appears to reference the September–
    November 2018 email string cited in the R&R. *See* Dkt. 307 at 10 (citing Dkt. 265-12).

regarding Reed's EEOC claim (as opposed to Reed's lawsuit), such as sharing documents with her and agreeing to be a witness in support of her claim. *Id*. at 6.

Quinn's position is seriously undermined by Defendant Eric Holmes's Request for Production No. 13, propounded on December 20, 2018, which requested all communications between Quinn and Reed among others, which related to Quinn's allegations against the City. Dkt. 257-4 at 2. As Judge Creatura explains, Quinn did not respond to this RFP or produce a responsive privilege log. Dkt. 307 at 6–7. While this RFP related specifically to Quinn's claims, it is highly likely that timely and proper responses to this RFP would have revealed the existence of Quinn's communication with Reed about Reed's claims and permitted the City to better target its questions at the second deposition.

In any event, Defendants are well-equipped to demonstrate Quinn's conduct to compelling effect through cross examination at trial. Cross examination will permit Defendants to fully examine Quinn's credibility before the jury, rather than in passing through jury instructions. Therefore, the Court does not adopt the R&R as to the non-monetary sanction of facts deemed admitted, despite its serious concern about Quinn's persistent evasiveness and dilatory conduct during discovery.

## II.   ORDER

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1)      The R&R is **ADOPTED in part**; and

(2)   Defendant City of Vancouver's motion for sanctions, Dkt. 265, is

**GRANTED** in part and **DENIED** in part as follows:

a.  Defendant City's request for monetary sanctions is **GRANTED** in part

and **DENIED** in part. Plaintiff shall pay Defendant City $34,790.00 in

attorney's fees and $16,053.66 in expenses, which shall be immediately

payable, accruing interest at the statutory rate, but payment may be

delayed until a final judgment is rendered in this matter. Further, should

there be an award in favor of Plaintiff, that award shall be paid into the

registry of the Court for purposes of satisfying any unpaid portions of

the award of monetary sanctions.

b.  Defendant City's request for dismissal of Plaintiff's claims with

prejudice as a sanction is **DENIED**.

Dated this 29th day of March, 2021.

BENJAMIN H. SETTLE
United States District Judge