|  |  |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBRA QUINN,

          Plaintiff,

   v.

CITY OF VANCOUVER, *et al.*,

          Defendants.

CASE NO. 3:17-cv-05969-BHS

REPORT AND RECOMMENDATION

NOTED FOR: April 30, 2021

    The District Court has referred defendant City of Vancouver's ("defendant City") renewed motion to dismiss based on newly acquired evidence of plaintiff's alleged ethical misconduct (Dkt. 264) to the undersigned Magistrate Judge. *See* Dkt.

    Plaintiff, an attorney, initiated this action against her former employer and client, defendant City, among others. She claims that she is the victim of gender discrimination, harassment, and retaliation. When plaintiff filed her complaint against defendants in November 2017, and for some time thereafter, plaintiff remained employed by and continued to represent defendant City.

1   After extensive discovery, and over three years of litigation, defendant City now asks the
2   Court to dismiss all of plaintiff's claims with prejudice based on newly acquired evidence of
3   plaintiff's alleged ethical misconduct while she was still employed by the City.  *See* Dkt. 264.
4   Defendant City argues that plaintiff's alleged conduct has tainted these proceedings.

5   Having reviewed the parties' submissions related to the renewed motion to dismiss, the
6   Court finds that defendant City has failed to show that dismissal of plaintiff's substantive claims
7   in this case is appropriate.  Even assuming that defendant City's claims regarding plaintiff's
8   conduct are true, citing the Court's "inherent power" to fashion a remedy, without more, is
9   insufficient to show that dismissal of plaintiff's entire case is warranted.

10  Accordingly, the Court recommends that defendant City's renewed motion to dismiss
11  (Dkt. 264) should be denied.

12  **BACKGROUND**

13  As relevant here, defendant City previously sought dismissal of plaintiff's claims based
14  on her alleged violations of Washington State's Rules of Professional Conduct ("RPC") and
15  fiduciary obligations owed to defendant City, plaintiff's former client.  *See* Dkt. 74.  In denying
16  defendant City's motion to dismiss, the District Court stated that the City's motion failed for a
17  lack of factual support.  *See* Dkt. 142, at 3.  The District Court further stated that defendant City
18  failed to provide any authority permitting the court to dismiss plaintiff's claims based on a theory
19  that "an attorney who represents her employer in workplace discrimination matters may never
20  sue the employer for workplace discrimination because a conflict of interest prejudices the
21  employer's right to a fair trial."  *Id.* at 3–4.  Defendant City has provided no further authority
22  now.

23
24

Following extensive and combative discovery, defendant City brought a motion for sanctions, again asking the Court to dismiss plaintiff's claims with prejudice based on plaintiff's discovery misconduct. *See* Dkt. 256. Both this Court and the District Court found that dismissal as a sanction for the discovery misconduct was not warranted. *See* Dkt. 307, at 28 (Report and Recommendation ("R&R")); Dkt. 312, at 4 (adopting in part the R&R and denying dismissal as a sanction).

Defendant City now renews its motion to dismiss, citing "newly acquired evidence" of plaintiff's alleged violations of RPCs and fiduciary obligations owed to defendant City. Dkt. 264; *see also* Dkts. 265, 287 (citing supporting documents purporting to prove plaintiff's ethical misconduct). Defendant Holmes joins in defendant City's renewed motion to dismiss. *See* Dkt. 270. The matter is fully briefed. *See* Dkts. 283, 284, 285, 286, 287.

## DISCUSSION

Defendant City again argues that plaintiff's claims should be dismissed with prejudice based on her "egregious ethical violations" that have "irreparably tainted" these proceedings. Dkt. 264, at 2. Defendant City cites to plaintiff's alleged violations of RPCs and fiduciary duties that she owed to defendant City during her employment and representation of the City. *See id.* at 14–23.

Defendant City's renewed motion to dismiss still has cited no authority supporting dismissal of plaintiff's claims based on alleged ethical violations. *See* Dkts. 74, 142. Instead, defendant City generally contends that the Court should use its inherent power to dismiss plaintiff's lawsuit. *See* Dkt. 286, at 12.

However, the Court's inherent powers "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). "Outright dismissal of a lawsuit . . . is a

particularly severe sanction" (*id.* at 44–45), and the Court's inherent authority to dismiss a case is justified only in extreme circumstances. *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) (citation omitted). "Dismissals under a court's inherent powers are subject to much the same considerations as those under the Federal Rules of Civil Procedure," and a district court must consider, among other factors, (1) the existence of extraordinary circumstances, (2) the relationship between the misconduct drawing the dismissal sanction and the matters in controversy in the case, and (3) the prejudice to the party victim of the misconduct. *Id.* at 380 (also considering the offending party's bad faith and the availability of lesser sanctions); *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (also considering public policy favoring disposition of cases on their merits).

Defendant City has made little effort to consider these factors, other than to conclude that plaintiff's conduct has "irreparably tainted" these proceedings. Dkt. 264, at 2. Defendant City has failed to show how the alleged conduct has irreparably tainted these proceedings. Therefore, this Court should not invoke its inherent power to dismiss plaintiff's lawsuit.

Defendant City makes no argument that plaintiff's alleged ethical misconduct interferes with a rightful decision on the merits of this case—whether defendants impermissibly discriminated and retaliated against plaintiff. *See* Dkt. 186 (plaintiff's second amended complaint). Defendant City has not demonstrated how plaintiff's conduct has "interfere[d] with the rightful decision of the case." *Halaco Eng'g Co.*, 843 F.2d at 381 (citations omitted); *see also Coulter v. Baca*, No. 13-cv-6090-CBM (AGRx), 2014 WL 12589652, at *4 (C.D. Cal. May 23, 2014) ("Terminating sanctions are appropriate where the misconduct relates to a material matter before the court, not where misconduct pertains to non-dispositive issues."). The Court notes that plaintiff's alleged ethical violations are currently the subject of possible bar sanctions.

*See* Dkt. 273, at 17. Those remedies are intended to specifically address the alleged misconduct. Further, such allegedly unethical conduct would not completely excuse any alleged discrimination, harassment or retaliation by defendant City.

Moreover, defendant City has not shown how plaintiff's conduct at issue overcomes the public policy favoring disposition of cases on their merits. "The public has an interest in a determination of [the substantive] issues based on the facts, rather than by judicial fiat." *EEOC v. Fry's Elecs., Inc.*, 287 F.R.D. 655, 659 (W.D. Wash. 2012).

Finally, defendant City references *Karstetter v. King Cty. Corr. Guild*, 444 P.3d 1185 (Wash. 2019). *See* Dkt. 264, at 15; *see also* Dkt. 270, at 2 n. 1. That case stands for the basic proposition that "in the narrow context of in-house attorneys, contract and wrongful discharge suits are available, provided these suits can be brought 'without violence to the integrity of the attorney-client relationship.'" *Id.* at 1191 (citation omitted). While the court in a footnote offers a possible exception to this general rule (*see id*. at 1192 n. 6), this is hardly sufficient to support the sanction of dismissal that defendant City seeks here.

Accordingly, the Court recommends denying defendant City's renewed motion to dismiss plaintiff's complaint based on plaintiff's alleged ethical violations.

## CONCLUSION

For the reasons set forth herein, the Court recommends that defendant City's renewed motion to dismiss (Dkt. 264) should be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

1  of those objections for purposes of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
2  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating the time limit
3  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 30,**
4  **2021,** as noted in the caption.

   Dated this 12th day of April, 2021.

J. Richard Creatura
Chief United States Magistrate Judge