UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBRA QUINN,

           Plaintiff,

v.

CITY OF VANCOUVER,

           Defendant.

CASE NO. C17-5969 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Magistrate Judge Creatura's Report and Recommendation ("R&R"), Dkt. 324, recommending the rulings on the parties' pending summary judgment motions, Dkts. 260, 262, 266, and 268. The parties and the Court are familiar with the long factual and procedural history of this case, and the Court need not repeat it here.

Defendant City of Vancouver seeks summary judgment on two claims Quinn first asserted after she was terminated by the City: Claim 7, a § 1983 claim asserting that the City violated her Fourteenth Amendment due process rights with respect to her liberty interest in her reputation by failing to provide her the opportunity for a "name-clearing hearing," and Claim 8, a state law claim asserting that the City discharged her in violation

ORDER - 1

of public policy. Dkt. 260. The R&R recommends granting the motion as to Quinn's due process claim because Quinn has not established that she ever requested a name-clearing hearing, even though she was entitled to one. Dkt. 324 at 11–12. The R&R recommends denying the City's motion as to Quinn's discharge in violation of public policy claim, because her Title VII (42 U.S.C. § 2000e) and Washington Law Against Discrimination (RCW Chapter 49.60, "WLAD") claims are not "exclusive" remedies and they do not effectively preempt her state law discharge in violation of public policy claim. Dkt. 324 at 14–16.

The City does not object to the denial of its motion for summary dismissal of Quinn's discharge in violation of public policy claim. The R&R's recommendation on that issue is therefore **ADOPTED** and the City's Motion for Summary Judgment on Quinn's state law discharge in violation of public policy claim, Dkt. 260, is **DENIED**.

Quinn objects to the former recommendation, claiming that she was not required to request a name-clearing hearing; the onus was on the City to offer her one before terminating her for reasons that impugned her professional reputation. Dkt. 329 at 2. Quinn's objections are discussed below.

Quinn seeks partial summary judgment on her Title VII and WLAD Retaliatory Discharge claims. Dkt. 262. The City argues that she did not even assert such claims, and that even if she had she is not entitled to judgment as a matter of law on them. Dkt. 289 at 2. The R&R recommends denying Quinn's motion, without resolving whether she effectively asserted the claims. Dkt. 324 at 19. Quinn objects to the R&R on this point, arguing that while the R&R implicitly recognized that she stated such claims, it did not

"clearly recognize" that her Amended Complaint asserts retaliatory discharge claims under Title VII and WLAD. Dkt. 329 at 10. She asks this Court to so conclude, but she does not object to the R&R's recommended denial of her summary judgment motion on these claims. *Id.* at 11. The City strenuously opposes an "after-the-fact petition for a sua sponte declaration" that Quinn asserted claims that are facially not in her operative complaint. Dkt. 330 at 1.

Defendants Young and Potter seek summary judgment on Quinn's WLAD Retaliation claims against them. Dkts. 266 and 268. They also seek dismissal of Quinn's claim for punitive damages, arguing that such damages are not permitted under Washington law. The R&R recommends denying the motions because there is circumstantial evidence supporting Quinn's claim that the defendants' proffered reasons for their actions were pretextual. Dkt. 324 at 31. It also recommends denial of Potter's motion for summary judgment on Quinn's claim that he discriminated against her by failing to promote her, based largely on the same evidence. *Id.* at 32–38. Young and Potter object to the R&R, Dkt. 328, and ask the Court to grant their summary judgment motions. Young and Potter's objections are discussed below.

Quinn does not object to the dismissal of her punitive damages claims against Young and Potter. The R&R dismissing such claims is **ADOPTED**, and Quinn's punitive damages claims against Young and Potter are **DISMISSED** with prejudice.

The R&R is **ADOPTED** as to all proposed resolutions that are not the subject of an objection. The parties' objections to the R&R's proposed resolution of their respective motions are discussed in turn.


## I. DISCUSSION

**A.    Rule 72 standard.**

A district judge must determine de novo any part of a magistrate judge's proposed disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Objections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the magistrate judge. *See, e.g.*, *Fix v. Hartford Life & Accident Ins. Co.*, CV 16–41–M–DLC–JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases).

**B.    The City's Motion for Summary Judgment on Quinn's § 1983 liberty interest due process claim is GRANTED.**

The R&R correctly determined that due process entitled Quinn to a name-clearing hearing related to her termination for reasons that reflected poorly on her reputation. The parties agree that Quinn did not ask for such a hearing, and that the City did not offer her one. The R&R recommends granting the City's summary judgment motion, Dkt. 260, dismissing with prejudice Quinn's Fourteenth Amendment claim for deprivation of her liberty interest in her reputation without due process. Dkt. 324 at 39. It concludes that while she had a right to a name-clearing hearing, she failed to demonstrate she availed herself of that right. Dkt. 324 at 11 (citing *Reiber v. City of Pullman*, 918 F. Supp. 2d 1091, 1102 (E.D. Wash. 2013) ("a plaintiff who fails to request a name-clearing hearing

is precluded from asserting a substantive due process claim on an injury to reputation theory").

Quinn objects, arguing that the City was required to offer her an opportunity to clear her name and reputation when it terminated her for unprofessional and unethical behavior as its attorney. Dkt. 329. The City argues that no binding case has ever held that a plaintiff may assert such a claim based on the lack of a hearing when she did not ask for one. Dkt. 330.

When a government employee is terminated for reasons that impugn the employee's character, her liberty interest in her reputation entitles her to a name-clearing hearing. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 573 (1972). Federal district courts in this district and state have recognized the dearth of published cases here addressing whether an employee must request a name-clearing hearing before she may sue for the deprivation of her liberty interest:

> Although there does not appear to be a published opinion directly on point in the Ninth Circuit, several circuit courts have ruled that a plaintiff who fails to request a name clearing hearing is precluded from asserting a substantive due process claim on an injury to reputation theory. *See Quinn v. Shirey*, 293 F.3d 315, 322 (6th Cir. 2002) ("[B]efore asserting [a] liberty interest claim, [a] Plaintiff [is] required to show that he requested a name-clearing hearing and was denied that opportunity."); *Gillum v. City of Kerrville*, 3 F.3d 117, 121 (5th Cir. 1993) (listing a request for name-clearing hearing and a subsequent denial of that request as elements of substantive due process claim); *Winskowski v. City of Stephen*, 442 F.3d 1107, 1110 (8th Cir. 2006).

*Reiber v. City of Pullman*, 918 F. Supp. 2d 1091, 1102 (E.D. Wash. 2013); *see also Humann v. City of Edmonds*, No. 13-cv-101-MJP, 2014 WL 4161974 at *10 (W.D.

Wash. Aug. 19, 2014). The R&R relied on these authorities in recommending the dismissal of Plaintiff's Fourteenth Amendment claim. Dkt. 324 at 11.

Quinn claims that these cases are distinguishable—several of them involved plaintiffs (including Reiber) who were offered and declined such a hearing—and similarly argues that there is not a binding case holding that she was required to ask for a hearing. Dkt. 329 3–5. She cites other out-of-district cases holding that the terminated employee is entitled to notice of the right to a hearing. *Id.* at 5–8 (citing *O'Donnell v. Barry*, 148 F.3d 1126, 1132 (D.C. Cir. 1998); *Buxton v. Plant City*, 871 F.2d 1037, 1046 (11th Cir. 1989); and others)).

The most thorough, and persuasive, analysis of the issue is the Eighth Circuit's in *Winskowski*.[1] There, as here, the terminated employee did not seek a name-clearing hearing, and the government employer did not offer one. *Id.* at 1111. The issue, then, was whether authorities holding that one who was offered but failed to avail themself of a hearing has not been deprived of due process as a matter of law applied equally where the employee failed instead to seek such a hearing. The Eighth Circuit held that it did:

> Unlike the employer in *Schleck*, [the City] did not unilaterally offer Winskowski a name-clearing hearing. Accordingly, we must decide whether the principle enunciated in *Schleck* applies with equal force where the employer never offered a hearing, but the employee nevertheless failed to ask for one. We hold that it does. **Nothing in our jurisprudence suggests that a government employee can legitimately sue for deprivation of the right to a post-termination hearing where he never asserted the right before suing for damages**. Allowing an employee to claim damages for being deprived of a hearing never requested would greatly expand government employers' potential liability and force such

---

[1] *Winskowski* distinguished *O'Donnell*, which dealt with a lawsuit seeking a name-clearing hearing as a remedy. 442 F.3d at 1111.

ORDER - 6

employers prophylactically to offer name-clearings **when it is not at all clear that the employee is entitled to—or even desires—one**. It would also reward employees for lying in wait and later asserting a right that the employer had no reason to suspect the employee wanted to exercise in the first place. Although it appears that we have not directly answered this question before, we agree with the case law developed in other circuits that holds that **an employee who fails to request post-termination process cannot later sue for having been deprived of it.**

*Winskowski*, 442 F.3d at 1111 (citing *Schleck v. Ramsey County*, 939 F.2d 638, 643 (8th Cir. 1991); *Quinn*, 293 F.3d at 321–22; *Rosenstein v. City of Dallas*, 876 F.2d 392, 396 (5th Cir. 1989)) (emphasis added); *see also Reiber*, 918 F. Supp. 2d at 1102 ("Th[is] reasoning . . . applies with greater force" where plaintiff was expressly offered but declined a hearing.). The Court finds this reasoning sound generally, and in the context of this case.

Plaintiff Quinn is an attorney, she was represented by an attorney, and she was already embroiled in this litigation when she was terminated. The City suggests that Quinn did not want a name-clearing hearing—a public airing of the charges against her and her response—because a deprivation claim must also demonstrate that the "stigmatizing" basis for the termination was false. The City claims that Quinn violated her duties to her client (the City) when she filed a "whistleblower" complaint against it, opining that the City was discriminating and retaliating against its female employees in violation of Title VII and other statutes. The City argues it terminated Quinn for violating her ethical responsibilities to it, and that while these reasons impugn Quinn's professional reputation, she has not shown and cannot show that they were untrue. They argue persuasively that Quinn cannot meet her burden of demonstrating that they were

stigmatizing or defamatory, or otherwise untruthful. *See* Dkt. 260 at 13, 16–19; Dkt. 330 at 4 (quoting Judge Creatura's R&R, Dkt. 324 at 11); *see also Campanelli v. Bockrath*, 100 F.3d 1476, 1484 (9th Cir. 1996) ("In order to state a due process claim, [Plaintiff] also must allege that the defendants' statements were substantially false.").

Quinn's failure to request a name-clearing hearing is fatal to her Fourteenth Amendment claim that the City deprived her of a liberty interest in her reputation without due process. The R&R on this point is **ADOPTED**. The City's Motion for Summary Judgment on Quinn's Fourteenth Amendment claim (Claim 7), Dkt. 260, is **GRANTED** and that claim is **DISMISSED** with prejudice.

**C. Quinn did not assert retaliatory *discharge* claims under Title VII or WLAD and her Summary Judgment Motion on those claims is DENIED.**

Quinn seeks summary judgment on what she asserts are retaliatory discharge claims under Title VII ("Claim 3") and WLAD ("Claim 4"), both based on her 2019 termination. Dkt. 262 at 2. The City asserts that Quinn never asserted such claims. Dkt. 289 at 2–5. The R&R recommends denying the motion. Dkt. 324 at 19.

Quinn sued in 2017, alleging discrimination in the way she was treated at work and passed over for the Vancouver City Attorney position. Among other things, she asserted claims for retaliation under Title VII and WLAD (Claims 3 and 4 in her initial complaint, Dkt. 1). In June 2019, the City terminated Quinn, based on its claim that she violated her professional and ethical duties to it, her client.

In August 2019, Quinn sought leave to supplement her complaint to add two claims based on her termination. Dkts. 141 and 141-2. She sought to add a § 1983

Fourteenth Amendment claim asserting that the City deprived her of her liberty interest in her reputation without due process by failing to provide her a name-clearing hearing, and a state law claim for wrongful discharge in violation of public policy. *Id*. The defendants opposed amendment. Dkts. 150 and 152. Specifically, the City argued that Quinn was required to file a new EEOC complaint before asserting a Title VII claim for retaliatory discharge—a claim different than, and based on different facts than, her previously-asserted Title VII retaliation claim, which was the basis of a pre-suit and pre-termination EEOC charge and right to sue letter. Dkt. 150. In her Reply, Dkt. 153, Quinn expressly disavowed any effort to assert a new Title VII claim based on her termination; she was instead asserting a Section 1983 claim, which has no pre-claim prerequisites:

> However, Plaintiff's Equal Protection[2] claim is not a Title VII claim. The EEOC charge requirement of 42 U.S.C. § 2000e-5(e) applies by its own terms only to claims under "this section," i.e., 42 U.S.C. § 2000e. In contrast, Plaintiff's new Equal Protection claim is brought under a different section, 42 U.S.C. § 1983. *Fort Bend* did not address § 1983 claims at all, and Plaintiff is not aware of any authority requiring that § 1983 claims be submitted to the EEOC.

Dkt. 153 at 5.

On August 21, 2019, the Court allowed Quinn to amend her complaint to assert a § 1983 Fourteenth Amendment liberty interest, due process claim, based on the lack of a name-clearing hearing. It recognized that the newly-alleged facts *potentially* supported a Title VII retaliatory discharge claim, but concluded that since she was not asserting such

---

[2] The "Equal Protection" reference is unclear. Quinn sought to and ultimately did assert a Fourteenth Amendment claim based on the deprivation of her liberty interest in her reputation without due process. *See* Dkt. 172 at 12. She has not asserted an Equal Protection claim.

a claim, that statute's administrative exhaustion (an EEOC charge and a right to sue letter) were not required before she asserted her new § 1983 claim. Dkt. 171 at 9 ("[T]he City has failed to establish as a matter of law that claims based on facts which *could* form the basis of a Title VII violation, but *are not alleged under Title VII*, must be administratively exhausted under Title VII.") (emphasis added).

The Court also agreed with the City that Quinn could not yet assert her state law termination in violation of public policy claim because she had not provided the required 60 days' pre-claim notice. *Id.* at 8. It ruled that when that period was complete, she could again supplement her complaint to assert the state law claim. *Id.* at 10. Quinn filed her First Amended Complaint[3] the next day. Dkt. 172. In October 2019, Quinn supplemented her complaint again, without opposition, after the pre-claim notice period expired for her discharge in violation of public policy claim. Dkts. 184-2 and 186. Her Second Amended Complaint, Dkt. 186, is the operative complaint.

Quinn's Title VII and WLAD retaliation claims have remained unchanged in all iterations of her complaint. Her Title VII retaliation claim has consistently asserted only that

> Defendants retaliated against QUINN in violation of 42 U.S.C. §2000e-17 because of QUINN's complaints of Defendants' unlawful conduct by placing QUINN on involuntary leave for nearly four months; publishing stigmatizing statements about QUINN to her colleagues while she was on

---

[3] Quinn's First Amended Complaint, Dkt. 172, differs from the her proposed, red-lined version, Dkt. 141-2, because the Court dismissed other claims and defendants on summary judgment in the interim. Dkt. 170. Quinn's § 1983 Fourteenth Amendment claim, Claim 7 in her First Amended Complaint, Dkt. 172, is substantively identical to the proposed version, Dkt. 141-2, and to the claim that remained in both iterations of her Second Amended Complaint, Dkts. 184-2 and 186.

forced leave; delaying investigation of her discrimination and hostile workplace complaints until after the City's other pending gender discrimination claims were resolved; delaying QUINN's merit pay increase for three months after she should have received it; and altering QUINN's regular workload.

Dkt. 186 at 10; *see* Claims 3 and 4 in Dkts. 1, 141-2, 172, and 184-2. It is undisputed that Quinn did not make a EEOC charge based on her termination, and she persuasively denied that she was seeking to add the claims upon which she now seeks summary judgment. Indeed, she does not even object to the R&R's recommended denial of that motion; she instead objects that it did not "find" that she had in fact asserted such claims. Dkt. 329 at 10.

Quinn's attempt to assert, in an objection to an R&R, claims that are not in her Second Amended Complaint, is procedurally improper and ineffective. The R&R's recommended denial of the Motion is **ADOPTED**, Quinn's Motion for Summary Judgment, Dkt. 262, is **DENIED**, and the Court **HOLDS** that Quinn has not asserted retaliatory discharge claims under Title VII or WLAD.

**D.     Young and Potter's Motions for Summary Judgment are DENIED.**

Defendants Young and Potter seek summary judgment on Quinn's remaining WLAD retaliation claims against them. Dkts. 266 and 268. They acknowledge that the Court previously denied their similar motions on this claim. *See* Dkt. 170. They assert, however, that subsequent discovery has only demonstrated that their reasons for placing Quinn on paid administrative leave were legitimate and non-pretextual. Dkts. 266 and 268.

1    The R&R recommends denying the individual defendants' summary judgment
2    motions, concluding that Quinn had established her *prima facie* retaliation claim, and that
3    questions of fact regarding the defendants' legitimate, non-pretextual reasons for their
4    adverse employment action precluded summary judgment. Dkt. 324 at 31.
5    Young and Potter object, arguing that the R&R incorrectly "found" that they failed
6    to provide additional evidence that their reason for placing Quinn on paid administrative
7    leave was legitimate and not pretextual, Dkt. 328 at 2. They argue the R&R incorrectly
8    concluded that Potter's allegedly derogatory comment about women, coupled with
9    reasonable inferences from other circumstantial evidence supports the conclusion that
10   gender played a role in their decision. *Id*. at 4. They (like the City) emphasize that Quinn
11   engaged in behavior adverse to her client's interests and in violation of her duties as an
12   attorney, *id*. at 8.
13   The defendants' arguments and evidence are persuasive, and they may ultimately
14   prevail. But they still do not lead to the conclusion that they are entitled to judgment as a
15   matter of law on Quinn's retaliation claims against them. The rich and lengthy factual
16   context of Quinn's employment, her leave (and her ultimate dismissal) will necessarily
17   await a jury's fact-finding. This is true for the legitimacy of the defendants' purported
18   non-discriminatory and non-pretextual reasons for their actions.
19   The R&R's recommended denial of Young and Potter's summary judgment
20   motions is **ADOPTED**, and those Motions, Dkts. 266 and 268, are **DENIED**.
21   The R&R is **ADOPTED.**

| | |
|---|---|
| 1 | The City's Motion for Summary Judgment, Dkt. 260, is GRANTED in part and |
| 2 | DENIED in part. Quinn's Fourteenth amendment claim is **DISMISSED** with prejudice. |
| 3 | Quinn's Motion for Summary Judgment, Dkt. 262, is **DENIED**, and her request |
| 4 | for the Court to find she asserted Title VII and WLAD retaliatory discharge claims is |
| 5 | **DENIED**. |
| 6 | Young and Potter's Summary Judgment Motions, Dkts. 266 and 268 are |
| 7 | **DENIED**. |
| 8 | IT IS SO ORDERED. |
| 9 | Dated this 15th day of September, 2021. |

BENJAMIN H. SETTLE
United States District Judge