1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBRA QUINN,

                        Plaintiff,

        v.

CITY OF VANCOUVER, et al.,

                        Defendants.

CASE NO. C17-5969 BHS

ORDER

        THIS MATTER is before the Court on Plaintiff Debra Quinn's Motion for

Reconsideration, Dkt. 333, of the Court's Order, Dkt. 332, adopting the Magistrate

Judge's Report and Recommendation, Dkt. 324, and granting Defendants' Motion for

Summary Judgment on Quinn's liberty interest claim, Dkt. 260. Quinn also seeks

reconsideration of the Court's determination that she sought summary judgment on two

retaliatory discharge claims which she has not pled. Dkt. 333 at 4.

        Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will

ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b)

facts or legal authority which could not have been brought to the attention of the court

earlier, through reasonable diligence. The term "manifest error" is "an error that is plain

and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Quinn argues the Court improperly "relied on speculation" and failed to "consider the Ninth Circuit's input" in holding that Quinn's deprivation of liberty interest claim failed as a matter of law where she could not demonstrate that she requested a name-

clearing hearing. Dkt. 333 at 2. Quinn claims the Court's adoption of the R&R on this point was manifest error.

First, the Court correctly observed that there was no binding Ninth Circuit authority on the issue, a point made in some of the opinions upon which Quinn relies. *See Reiber v. City of Pullman*, 918 F. Supp. 2d 1091, 1102 (E.D. Wash. 2013) ("[T]here does not appear to be a published opinion directly on point in the Ninth Circuit."); *see also Humann v. City of Edmonds*, No. 13-cv-101-MJP, 2014 WL 4161974, at *10 (W.D. Wash. Aug. 19, 2014). It is not manifest error to decline to follow non-binding precedent such as *Fontanilla v. City and County of San Francisco*, 205 F.3d 1351 (unpublished table decision), which was not published and involves a different claim based on different facts. The Court did not "ignore" these authorities; it concluded and explained that other authorities were more persuasive:

> **Nothing in our jurisprudence suggests that a government employee can legitimately sue for deprivation of the right to a post-termination hearing where he never asserted the right before suing for damages**. Allowing an employee to claim damages for being deprived of a hearing never requested would greatly expand government employers' potential liability and force such employers prophylactically to offer name-clearings **when it is not at all clear that the employee is entitled to—or even desires—one**. It would also reward employees for lying in wait and later asserting a right that the employer had no reason to suspect the employee wanted to exercise in the first place. Although it appears that we have not directly answered this question before, we agree with the case law developed in other circuits that holds that **an employee who fails to request post-termination process cannot later sue for having been deprived of it.**

Dkt. 332 at 6–7 (citing in *Winskowski v. City of Stephen*, 442 F.3d 1107, 1110 (8th Cir. 2006)).

1    Second, the Court did not rely on speculation, or on the City's "suggestion" that

2    Quinn did not in fact desire a name-clearing hearing, in holding that Quinn was required

3    to request one before asserting a Fourteenth Amendment claim based on fact she did not

4    have one. The Court's reference to the City's suggestion merely acknowledged that this

5    may be such a case. It was plainly not the basis for holding that Quinn was required to

6    request such a hearing.

7    It remains true that there is not a binding case holding that one can pursue a

8    Fourteenth Amendment claim notwithstanding the fact she failed to seek a name-clearing

9    hearing. As the City and the Magistrate Judge and this Court's order all point out, there is

10   also persuasive authority within the Ninth Circuit that is consistent with *Winskowski*. Dkt.

11   332 at 5 (discussing and quoting *Reiber* and others.)

12   Quinn's claim that the Court's ruling on this point was manifest error is not

13   persuasive. There are no binding cases supporting her position. Her Motion for

14   Reconsideration of the Court's Order on this basis is **DENIED**.

15   Quinn also argues that she was not required to amend her complaint to plead

16   retaliatory discharge after her termination because she had already generally asserted

17   Title VII and WLAD "retaliation" claims. She sought summary judgment on these

18   claims, Dkt. 262, and did not object to the recommended denial of that motion, Dkts. 324

19   and 329. She instead objected to the Magistrate Judge's failure to "find" that she had

20   asserted such claims, a ruling that she did not seek in her motion. Quinn now seeks

21   reconsideration of this Court's determination that she did not assert such claims. This is

22   procedurally improper and ineffective in any event.

1    The Court's Order pointed out that Defendants opposed Quinn's effort to amend

2    her complaint after she was terminated, and Quinn persuaded the Court that her new

3    claims did not require a new EEOC charge, because she "was not asserting a Title VII

4    claim; she was asserting a § 1983 claim." Dkt. 332 at 10 (citing Dkt. 153 at 5). The Court

5    accepted and expressly relied upon Quinn's position in permitting her to amend her

6    complaint:

7        [T]he City has failed to establish as a matter of law that claims based on
         facts which *could* form the basis of a Title VII violation, but **are not
8        alleged under Title VII**, must be administratively exhausted under Title
         VII. Thus, the Court finds that that City has failed to show on the
9        authorities cited that either claim is futile on the basis of a failure to
         administratively exhaust under Title VII.

10   Dkt. 171 at 9 (emphasis added). Quinn is not free to simply ignore this history and to now

11   obtain a ruling that she is asserting the Titlve VII retaliatory discharge claim she

12   specifically and persuasively denied she was asserting. Quinn's Motion for

13   Reconsideration on this point, is **DENIED**.

14       Quinn's Motion for Reconsideration, Dkt. 333, is **DENIED**

15       IT IS ISO ORDERED.

16       Dated this 6th day of October, 2021.

17

18

19   _____
     BENJAMIN H. SETTLE
20   United States District Judge

21

22